UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DWAYNE ALMOND,

    Plaintiff,

v.                                           Case No. 08-C-546, 08-C-619

STATE OF WISCONSIN, et al.,

    Defendants.

**ORDER**

Plaintiff has filed a complaint, No. 08-C-619, and wishes to proceed *in forma pauperis*. Plaintiff is a prisoner on this court's "three strikes" list. *See* 28 U.S.C. § 1915(g). That means he must pay the entire $350 filing fee up-front unless he alleges he is in imminent danger of serious physical injury. *Id.* Last month Plaintiff filed an identical action, No. 08-C-546, in which *in forma pauperis* status was denied because the complaint failed to allege *serious* physical injury. In that case, he filed an amended complaint attempting to overcome that hurdle, and this case seems to be another attempt at doing so. Case No. 08-C-546 is still pending, and so Plaintiff's filing the more recent action was inappropriate. Because the case is duplicative of his earlier action, Case No. 08-C-619 will be dismissed.

Nevertheless, in light of Plaintiff's most recent filing, I conclude that he has at least alleged imminent danger of serious physical injury. In addition to chronic back pain, he asserts that he has an infection that is going untreated and has difficulty even sitting or lying down. Reading all of Plaintiff's allegations together, therefore, I conclude he is at least eligible for *in forma pauperis*

status under § 1915(g)'s imminent danger exception, and thus Case No. 08-C-546 will be allowed to proceed. Further, I conclude that the amended complaint (read in light of all of Plaintiff's allegations) states a claim for deliberate indifference, although it fails to state any claim against defendant "State of Wisconsin."

I note that in neither case has Plaintiff filed an appropriate trust account statement despite clear instructions from the clerk's office. In No. 08-C-546 he failed to file any trust account statement at all, and in 08-C-619 he filed a number of statements of various weeks dating back to 2006. That said, his most recent statement from July 2008 indicates that Plaintiff either has no money in his trust account or only a few cents. Accordingly, the initial partial filing fee will be waived in both actions, *see* 28 U.S.C. § 1915(b)(4), although future payments will still be collected pursuant to the PLRA for each case.

**THEREFORE, IT IS ORDERED** that Case No. 08-C-619 is **DISMISSED** as duplicative; in Case No. 08-C-546, any claims against Defendant State of Wisconsin are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $350 balance of the filing fee *for each case* ($700 total) by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to these actions (08-C-546 and 08-C-619).

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the amended complaint in 08-C-546, a waiver of service form and/or the summons, and this order upon

the defendants (except for Defendant "State of Wisconsin") pursuant to Fed. R. Civ. P. 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in 28 C.F.R. § 0.114(a)(2), (a)(3). Even though Congress requires the court to order service by the U.S. Marshals Service when an impoverished person is permitted to proceed *in forma pauperis*, Congress has not provided for these fees to be waived, either by the court or the U.S. Marshals Service.

**IT IS ORDERED** that the defendants shall file a responsive pleading to the plaintiff's complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Nothing in this order or in § 1915A precludes a defendant from moving to dismiss any claim identified in this order or potentially existing in the complaint if the defendant disagrees with my analysis or believes I have overlooked something during my screening.

**SO ORDERED** this   23rd   day of July, 2008.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge
